**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RONALD L. STOKES, Sr., | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-16-836 |
| WAL-MART STORES, Inc., et al. | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff Ronald L. Stokes, Sr. ("plaintiff," or "Mr. Stokes") filed this negligence action against defendants Wal-Mart Stores, Inc., Sam's West, Inc., and Sam's East, Inc. (collectively, "defendants") after Mr. Stokes slipped and fell attempting to dismount a motorized shopping cart inside a Sam's Club store in Annapolis, Maryland.  With the parties' consent, Judge Bredar referred the case to the undersigned for all proceedings, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4.  (ECF No. 14.)  Currently pending before the court are:  (1) Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 32); (2) Plaintiff's Opposition to Defendants' Motion ("Plaintiff's Opposition") (ECF No. 33); and (3) Defendants' Reply to Plaintiff's Opposition ("Defendants' Reply") (ECF No. 34).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6.  For the reasons stated below, Defendants' Motion is DENIED.

## I.   <u>BACKGROUND</u>

Shortly before eleven thirty in the morning on April 22, 2012, plaintiff entered a Sam's Club retail store ("Sam's Club," or the "store") in Annapolis, Maryland to do some shopping. (Compl. ¶ 6; ECF No. 32-3 at 3.)  At the time he entered the store, plaintiff observed that it was "pouring down raining."  (ECF No. 34-1 at 4.)  Plaintiff, who uses a cane, obtained a motorized shopping cart near the entrance and proceeded into the store.  (Compl. ¶¶ 7, 12.)  Once inside, plaintiff drove the cart to the restrooms located approximately 100–150 feet to the right of the store entrance.  (Id. ¶ 9.)  Plaintiff stopped a short distance from the restroom and attempted to dismount the cart.  (Id. ¶ 10.)  Plaintiff did not observe any moisture on the ground near the cart or any caution signs indicating a wet floor.  (Id. ¶ 11.)  As plaintiff stepped off the cart, his cane and foot slid out from underneath him and he fell to the ground.  (Id. ¶ 12.)  While on the ground, plaintiff noticed that the floor beneath him was "very wet," but due to intense pain and disorientation, he could not identify the source of the wet substance.  (Id. ¶ 14.)  Plaintiff was transported to Anne Arundel Medical Center where he received emergency care for his injuries, which included multiple fractures to his left leg, heel, and ankle.  (Id. ¶¶ 13, 15.)  On April 9, 2015, plaintiff commenced this lawsuit in the Circuit Court for Anne Arundel County, alleging negligence against defendants.  (ECF No. 2.)  Defendants removed the case to this court on March 21, 2016.  (ECF No. 1.)

The court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, the court views all facts and makes all

reasonable inferences in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the nonmoving party.  Anderson, 477 U.S. at 252.


## II.   DISCUSSION

To assert a claim of negligence in Maryland, the plaintiff must prove that:  (1) the defendant was under a duty to protect the plaintiff from injury, (2) the defendant breached that duty, (3) the plaintiff suffered actual injury or loss, and (4) the injury or loss proximately resulted from the defendant's breach of duty.[1]  100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co., 430 Md. 197, 212–13, 60 A.3d 1, 10 (2013).  "An occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by an unreasonable risk that the invitee, by exercising ordinary care for his own safety, will not discover."  Henley v. Prince George's Cnty., 305 Md. 320, 339, 503 A.2d 1333, 1343 (1986).  Reasonable and ordinary care includes warning invitees of known hidden dangers, inspecting the premises, and taking reasonable precautions against foreseeable dangers.  Tennant v. Shoppers Food Warehouse Md. Corp., 115 Md. App. 381, 388, 693 A.2d 370, 374 (1997).  To prove that a business inviter breached his duty, the invitee must show "not only that a dangerous condition existed, but also that the proprietor had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove it or to

---

[1] A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law.  Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007).  Because the alleged events took place in Maryland, the substantive tort law of Maryland governs plaintiff's negligence claim.

warn the invitee." <u>Rehn v. Westfield Am.</u>, 153 Md. App. 586, 593, 837 A.2d 981, 984 (2003) (internal quotation marks omitted).

In their Motion, defendants argue that plaintiff has failed to produce any evidence that defendants had actual or constructive notice of the alleged wet substance prior to plaintiff's fall. (ECF No. 32-1 at 6.)  Specifically, defendants argue that, in the premises liability context, the plaintiff has the burden to produce "some admissible evidence to establish that the specific hazardous condition remained on the floor for a substantial length of time before the incident," and that Mr. Stokes has offered no such evidence.  (<u>Id.</u> at 7, 9.)  To support their contention, defendants point to deposition statements in which plaintiff acknowledged that he did not know how long the substance had been on the floor or if any employees had seen it.  (<u>Id.</u> at 3.)  In his Opposition, plaintiff offers still images from a surveillance video taken at the time of the incident that appear to show Sam's Club employees entering the restroom just minutes before plaintiff's fall.  (ECF No. 33-2–33-4.)  According to plaintiff, these images create a genuine dispute as to whether defendants knew, or should have known, of slippery conditions near the restroom with sufficient time to remove the hazard or warn of its existence.  (ECF No. 32-1 at 4–6.)

After reviewing the pleadings and attached exhibits, the court finds that plaintiff has produced enough evidence to create a triable issue as to whether defendants had constructive, if not actual, notice of an allegedly wet substance on the ground where plaintiff fell.  In particular, plaintiff has offered surveillance footage that shows at least two Sam's Club employees passing through the restroom area just before plaintiff's fall, one of whom is carrying a mop and appears to look directly at the spot where plaintiff is seen, only minutes later, splayed out on the ground. (<u>See</u> ECF Nos. 33-2–33-4).  The same footage also appears to show an employee actually mopping the floor around plaintiff after he falls.  (<u>See</u> ECF No. 33-5.)  Although it is certainly

conceivable that plaintiff slipped on moisture that was present on the bottom of his shoes or cane, there is no dispute that it was raining on the day in question.  Thus, a reasonable jury could conclude that, at the very least, defendants should have warned patrons about potentially slippery conditions in areas, like a public restroom, that incur heavy foot traffic.  See Konka v. Wal-Mart Stores, Inc., 133 F.3d 915 (Table), 1998 WL 24378, at *4 (4th Cir. 1998) (unpublished per curiam opinion) ("Both employees were aware that it was raining heavily outside . . . .  Based on these facts, it appears that there was sufficient evidence to create a triable issue of fact of whether Wal-Mart employees should have been deemed to be on constructive notice of the wet and hazardous condition.").

In their Reply, defendants cite two Maryland state cases in which the court of appeals held that the mere proximity of an employee to a slippery foreign substance does not, on its own, create an inference of constructive notice.  See Montgomery Ward & Co. v. Hairston, 196 Md. 595, 598, 78 A.2d 190, 191 (1951); Lusby v. Baltimore Transit Co., 195 Md. 118, 122–23, 72 A.2d 754, 756 (1950).  In this case, however, plaintiff alleges more than mere proximity, and has produced evidence that the alleged wet substance was within the mop-wielding employee's direct line of sight.  Based on this evidence, a reasonable jury could infer that, even if the employee did not actually see any moisture, she should have seen it given that she was presumably there to mop a wet floor.  See Konka, 1998 WL 24378, at *3 ("Whether [the defendant] was reasonable in failing to discover a hazardous condition is a question of fact, which requires a consideration of the nature of the condition, its foreseeable consequences, the means and opportunities of discovering it, the diligence required to discover and correct it, and the foresight which a person of ordinary prudence would have exercised under similar

circumstances.").  At this stage, it would be improper for the court to supplant the role of the jury in resolving these disputed factual issues.


III.     **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion (ECF No. 32) is DENIED, as set forth above.


Date: March 24, 2017                    _____/ s /_____
                                                      Beth P. Gesner
                                                      United States Magistrate Judge